**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

AUSTIN CADEAUX,

              Plaintiff,

vs.

LAS VEGAS METRO POLICE DEPT
OFFICERS JOHN DOE NOS. 1-5,

              Defendants.

Case No. 2:19-cv-01584-JAD-VCF

**ORDER**

MOTION FOR LEAVE TO AMEND (ECF NO. 34)

    Before the Court is *pro se* plaintiff Austin Cadeaux's motion for leave to amend. (ECF No. 34). The Court denies the motion without prejudice, with leave to refile by Thursday, August 12, 2021.

**I.     Background**

    The Court previously screened plaintiff's complaint and allowed plaintiff Cadeaux to proceed with his excessive force and negligence claims related to plaintiff's allegations that the police shot him prior to arrest, which he says caused permanent damage and loss of feeling to the right side of his body. (ECF No. 6). Some of the named defendants filed answers (ECF Nos. 10 and 22) and some of the defendants filed a motion to dismiss (ECF No. 32). Plaintiff's motion to stay the case (ECF No. 30) and defendants' motion to dismiss[1] (ECF No. 32) are both pending before Judge Dorsey. The defendants also filed a motion to extend discovery (ECF No. 40), but the Court will not address that motion until it is fully briefed. Per the current scheduling order, the deadline to seek leave to amend and add new parties was July 6, 2021, and discovery is currently due October 4, 2021. (ECF No. 29).

---

[1] Although the motion to dismiss is pending before Judge Dorsey, the Court notes that plaintiff alleges in his response to the motion to dismiss that he never received a copy of the new discovery scheduling order. (ECF No. 35 at 1). Without considering any of plaintiff's arguments in his response and to remedy this potential issue, the Court sua sponte orders the Clerk to send plaintiff a copy of the operative scheduling order. (See ECF No. 29).

1

2

3    Plaintiff argues in his motion for leave to amend that during discovery he has determined the

4    names of the John Does in the original complaint, and he requests that the Court allow him to replace the

5    first page of the complaint with the names of the new defendant. (ECF No. 34 at 1). Plaintiff does not

6    include the names of the proposed new defendants in the motion or attach a copy of the proposed

7    amended complaint to the motion. Defendants argue in their response that because plaintiff did not

8    attach a copy of the proposed amended complaint he wishes to file, the defendants do not have any

9    notice regarding which individual defendants the plaintiff wishes to add. (ECF No. 38 at 2). Plaintiff did

not file a reply.

## II.    Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's

leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Ninth

Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality." *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d

752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith,

undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has

previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the

original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005

(9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be

"complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

The failure to attach a complete proposed amended pleading is sufficient for the court to deny a

party's motion to amend his claim. *United States v. 3 Parcels in La Plata County*, 919 F. Supp. 1449 (D.

Nev. 1995). Local Rule 15-1(a) requires that the moving party, "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to it in such pleading."

Although plaintiff is pro se, he must still follow the local rules: the Court cannot allow plaintiff to amend based on the instant motion because plaintiff did not name which officers he wants to add, and he did not attach a copy of his proposed amended complaint. The Court notes that he timely filed his motion for leave to amend, so the Court will give plaintiff another chance. Plaintiff has three weeks from the date of this Order to file a new motion for leave to amend that names which individual defendants he wants to add. Plaintiff must also attach a copy of the proposed amended complaint to his motion so that the Court can review it: the proposed amended complaint (1) can only add new parties to replace the John Doe defendants (plaintiff cannot add new claims), (2) must be consistent with this Court's screening order (ECF No. 6), and (3) must be a complete amended complaint (meaning it cannot reference the current operative complaint). The Court dismisses plaintiff's motion to amend without prejudice with leave to refile.

ACCORDINGLY,

IT IS ORDERED that Cadeaux's motion for leave to amend (ECF No. 34) is denied without prejudice with leave to refile: if plaintiff chooses to refile his motion, he must comply with this Court's Order and refile it by Thursday, August 12, 2021.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail plaintiff a copy of the operative discovery plan and scheduling order (ECF No. 29).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Pursuant to LR IA 3-1, the plaintiff must immediately file

written notification with the court of any change of address. The notification must include proof of

service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by

counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 22nd day of July 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE