**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| AUSTIN CADEAUX,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METRO POLICE DEPT OFFICERS JOHN DOE NOS. 1-5,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-01584-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>-and-<br><br>**ORDER**<br><br>MOTION TO DISMISS (ECF NO. 32); MOTION TO EXTEND TIME (ECF NO. 44); MOTION TO AMEND/CORRECT (ECF NO. 47); MOTION TO EXTEND TIME (ECF NO. 48); MOTION TO STAY CASE (ECF NO. 50) |

Defendant Las Vegas Metro Police Department filed a motion to dismiss Officers Ryan Larson, John Newbold, Joshua Byington, and Marshall Kobza. ECF No. 32. Defendants also filed a motion to extend discovery deadlines. ECF No. 48. Plaintiff Austin Cadeaux filed motions to extend time, to amend, and to stay the entire case. ECF Nos. 44, 47, and 50. I grant the defendants' motion to extend discovery deadlines in part. ECF No. 48. I grant plaintiff Cadeaux's motions for an extension of time and for leave to amend his complaint. ECF Nos. 44 and 47. I recommend denying defendant LVMPD's motion for judgment on the pleadings as moot. ECF No. 32. I also recommend denying plaintiff's motion to stay. ECF No. 50.

**I.   Background**

I screened pro se incarcerated plaintiff Cadeaux's complaint against the Las Vegas Metropolitan Police Department and multiple Officer John Does. ECF No. 6. I allowed plaintiff to proceed with his excessive force and negligence claims. *Id.* Plaintiff alleges that the police shot him prior to arresting him, which he says caused permanent damage and loss of feeling to the right side of his body. *Id*. Plaintiff served his complaint on the LVMPD on February 28, 2020. ECF No. 16. Defendant LVMPD filed its answer on March 16, 2020. ECF No. 10. Although Officers Larson, Newbold, Byington and Kobza are not named defendants, they also filed an answer, with a footnote that they reserve the right to file motions to dismiss. ECF No. 22.

Plaintiff filed multiple requests to stay discovery due to the COVID pandemic and limited access to the law library which I granted. ECF Nos. 17 and 28. When the stay expired, plaintiff moved for a stay of the entire case, which Judge Dorsey denied. ECF No. 42. After the defendants filed their answers, they filed a motion to dismiss on the pleadings. ECF No. 32. I denied Cadeaux's motion for leave to amend (ECF No. 34) without prejudice with leave to refile it by Thursday, August 12, 2021. ECF No. 41 at 3. Plaintiff responded by seeking additional time to amend. (ECF No. 44). He then filed his motion to amend on October 12, 2021 (ECF No. 47).

Defendant LVMPD argues in its motion to dismiss on the pleadings that plaintiff's complaint did not name Officers Officers Larson, Newbold, Byington and Kobza by name. ECF No. 32. Defendant argues that Cadeaux attempted to serve the individual officers with hand-written, non-court-issued summonses. *Id*., citing to ECF No. 18−21. The defendant argues that Officers Larson, Newbold, Byington and Kobza are not even named defendants, and must be dismissed from this case. *Id.* The plaintiff argues that he attempted to serve the defendants properly and filed his summonses with the

2

Court. ECF No. 37 at 1. The defendant argues in its reply that plaintiff's response is inadequate and does not directly address the issues regarding service. ECF No. 36.

Plaintiff argues in his motion for an extension of time that he was unable to file his motion for leave to file an amended complaint on time because of "facility restrictions." ECF No. 44. The defendant argues in its opposition to plaintiff's motion for an extension of time that the plaintiff has unduly delayed by not filing his motion to amend by the deadline in my order. ECF No. 45 at 3. Plaintiff argues in his reply that "he has been unable to acquire a 1983 Civil Rights complaint to refile [his] amended complaint." ECF No. 46.

Plaintiff argues in his motion for leave to file an amended complaint that he wishes only to add Officers Larson, Newbold, Byington and Kobza in place of the John Does. ECF No. 47 at 1. The defendant argues in its opposition that plaintiff failed to demonstrate excusable neglect because a 1983 Civil Rights complaint form is not necessary to refile his amended complaint. ECF No. 49 at 2. Plaintiff did not file a reply.

The defendants argue in their motion for an extension of time that good cause exists to extend all the current discovery deadlines in this case. ECF No. 48. Plaintiff did not file an opposition to defendant's motion. Plaintiff filed another motion to stay case because he alleges that he, "does not have consistent law library access." ECF No. 50 at 1. The defendants did not file a response.

## II.  Discussion

### a.  Legal Standard

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4

3

is flexible, "without substantial compliance with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* In addition to Rule 4(m)'s requirements, "a court may dismiss a defendant, a claim[,] or an action based on a party's failure to prosecute an action[,] failure to obey a court order, or failure to comply with local rules." *Bulgara v. Cty. of Stanislaus*, No. 1:18-cv-00804-DAD-SAB, 2020 U.S. Dist. LEXIS 163772, at 5 (E.D. Cal. Sep. 8, 2020) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules)); see also *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding that a "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).

"Judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995). When brought by a defendant, a Rule 12(c) motion for judgment on the pleadings is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F. Supp.2d 1090, 1115 (C.D. Cal. 2004).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith,

undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Per LR 26-3, "[a] request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

    **b. Analysis**

I screened this case in 2019. Plaintiff is an incarcerated pro se litigant. Plaintiff has sought multiple stays and missed important deadlines, which has significantly delayed the resolution of this action. I warn plaintiff that even though he is pro se, he still has a duty to prosecute his case, follow the rules, and obey this Court's orders. Plaintiff alleges that COVID-19 restrictions on law library access have been an impediment for him in moving this case along. Inmates do have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right, however, "guarantees no particular methodology but rather the conferral of a capability… [it is this] capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356-57.

We are now entering the third year of the pandemic. I do not doubt that the pandemic restrictions have made things more difficult, but plaintiff has demonstrated that he is able to access legal materials

and file motions throughout this case. The plaintiff both a duty and an *interest*[1] in moving this case along without more delays. I warn plaintiff that he risks sanctions, including a possible dismissal of this action, if he continues to seek unnecessary stays, ignore the rules, or not follow this Court's orders. I recommend that plaintiff's motion for a stay of this case be denied.

Regarding plaintiff's motions to extend and amend, I grant them, despite my concerns about plaintiff's actions in this case. Plaintiff has delayed this action, so that factor weighs against him. I do not find, however, that the plaintiff has demonstrated bad faith. Although I find plaintiff's concerns about the current pandemic restrictions unpersuasive, given that he has continued to file motions, I do not think that he brought his motions in bad faith at this juncture. Whether plaintiff complies with this Court's orders going forward is under his control. Plaintiff has not previously amended his complaint. His proposed changes, to substitute the doe defendants with the named individual officers, should not be a surprise to defendant LVMPD, so there is no prejudice to the defendant. Futility of amendment weighs in plaintiffs favor since he wishes only to add the named individual officers rather than add new claims.

Since I grant the plaintiff's motion for leave to amend, I recommend that the defendant's motion for judgment on the pleadings be denied as moot. I grant the defendant's motion to extend discovery in part. The new deadlines are as follows.

| | |
|---|---|
| Amended pleadings/parties | Deadline expired |
| Discovery completion | Tuesday, May 24, 2022 |
| Expert disclosures | Friday, March 25, 2022 |

---

[1] The plaintiff has an interest in pursuing his case without delay. "A well-known saying, generally attributable to William Gladstone, is that 'Justice delayed is justice denied.' A lesser known saying, known to be attributable to prominent defense lawyers from major law firms, is that 'Justice delayed is justice [for the defendants].'" *Grewal v. Jammu*, 191 Cal. App. 4th 977, 999, 119 Cal. Rptr. 3d 835, 852 (2011).

6

| | |
|---|---|
| Rebuttal expert disclosures | Monday, April 25, 2022 |
| Dispositive motions | Thursday, June 23, 2022 |
| Joint pretrial order | Monday, July 25, 2022 |

If dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty days after a decision on the dispositive motion.

ACCORDINGLY,

I ORDER that Cadeaux's motions to extend time (ECF No. 44) and for leave to amend (ECF NO. 47) are GRANTED.

I FURTHER ORDER that the Clerk of Court file the amended complaint. (47-1).

I FURTHER ORDER that the Clerk of Court is directed to issue summons to Officers Ryan Larson, John Newbold, Joshua Byington, and Marshall Kobza and deliver same to the U.S. Marshal for service. The clerk is directed to mail to plaintiff the USM-285 form(s). The clerk is directed to send a copy of the complaint, summons, and copy of this order to the U.S. Marshal for service on Officers Ryan Larson, John Newbold, Joshua Byington, and Marshall Kobza.

I FURTHER ORDER that plaintiff has 20 days within which to furnish to the U.S. Marshal the required USM-285 form(s).

I FURTHER ORDER that within 20 days after plaintiff receives copy of the completed USM-285 form(s) from the U.S. Marshal, plaintiff must file a notice with the court stating if the defendants were served.

I FURTHER ORDER that the defendant's motion for an extension of time (ECF No. 48) is GRANTED IN PART, as specificized in this order.

I RECOMMEND that the plaintiff's motion for a stay of the entire case (ECF No. 50) be denied.

I FURTHER RECOMMEND that the defendant's motion for judgment on the pleadings (ECF

No. 32) be DENIED AS MOOT.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 24th day of January 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE